JUDGE BAER

OFFICE COPY

08 CV 00162

RECEIVED
JAN 08 2008
S.D.C. S.D.N.Y.

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10006
(212) 885-5149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RULEWAVE LLC,

        Plaintiff,

v.

DALLA AL-SAHRAA
INTERNATIONAL GENERAL
TRADING LLC,

        Defendant.

08 Civ.

**VERIFIED COMPLAINT**

---

Plaintiff RULEWAVE LLC ("Plaintiff"), as disponent Owner of the M/V ORIENTAL STAR, by its attorneys Blank Rome, LLP, complaining of the above-named Defendant DALLA AL-SAHRAA INTERNATIONAL GENERAL TRADING LLC ("Defendant"), alleges upon information and belief as follows:

1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2.     At all material times, Plaintiff was and now is a foreign company organized and existing under the laws of the United Arab Emirates and was the disponent owner of the Motor Vessel ORIENTAL STAR (the "Vessel").

900200.00001/6602990v.1

3. At all material times, defendant was and now is a corporation organized and existing under the laws of the United Arab Emirates.

## THE BASIC FACTS

4. Rulewave as disponent or chartered owner chartered the Vessel to DAI under a contract of charter party dated April 12, 2007 (the "Charter") for a voyage from Djibouti to Turkey.

5. DAI failed to provide a cargo for the Vessel and thereby breached the Charter.

6. DAI is liable under the Charter for deadfreight of $725,000 based on a cargo quantity of 12,500 mt at the agreed freight rate of $58 pm.t.

7. Despite repeated request Defendant has refused to pay the sums that it owes.

8. The claim is subject to English law and London arbitration. This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

9. Plaintiff repeats paragraphs 1 through 8 as if fully set forth herein.

10. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by Defendant or anyone acting on its behalf to date.

11. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim | $ 725,000 |
| B. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $ 250,000 |
| C. | Interest over the course of 3 years at prime rate average of 8% per annum: | $ 174,000 |
| | **TOTAL:** | $1,174,000 |

12. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Defendant cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Defendant up to the amount of $1,174,000 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
January 8, 2008

                                          Respectfully submitted,
                                          BLANK ROME, LLP
                                          Attorneys for Plaintiff

                                          By: _____
                                          Jeremy J.O. Harwood (JH 9012)
                                          405 Lexington Avenue
                                          New York, NY 10174
                                          Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Jeremy J.O. Harwood

Sworn to before me this
8th day of January 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RULEWAVE LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>DALLA AL-SAHRAA<br>INTERNATIONAL GENERAL<br>TRADING LLC,<br><br>        Defendant. | 08 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK  )
                            : ss.:
COUNTY OF NEW YORK  )

      JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant DALLA AL-SAHRAA INTERNATIONAL GENERAL TRADING LLC, a company organized and existing under the laws of the United Arab Emirates, pursuant to

900200.00001/6603021v.1

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

    2.    The defendant is not incorporated or registered to do business in this State.

    3.    Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2007 edition), telephone assistance in New York City, and the internet Yellow Pages.

    4.    In our search, we did not find any listing or reference to defendant in this district or state.

    5.    In the circumstances, I believe the defendant cannot be "found" within this district.

    6.    I attach as Exhibit 1 hereto a copy of the Charter between plaintiff and defendant.

Jeremy J.O. Harwood

Sworn to before me this
8th day of January, 2008

Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__